**E-FILED**
Tuesday, 11 December, 2007  02:55:27 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LOY, Special Administrator of the Estate of JOSEPH M. LOY, Deceased, and as Grandfather and Next Friend of S.L.L., M.N.L., and H.M.L., Minors,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF PAXTON, a Municipal Corporation in Ford County, Illinois, CHAD JOHNSON, Individually, and as police officer for the CITY OF PAXTON, and ROBERT BANE, Individually, and as Chief of Police for the CITY OF PAXTON,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED

DEC 1 1 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Civil Action No. 07-2231

### C O M P L A I N T
### and DEMAND FOR JURY TRIAL

**NOW COMES Ronald Loy, as Special Administrator of the Estate of Joseph M. Loy, Deceased, and as Grandfather and Next Friend of S.L.L., M.N.L., and H.M.L., Minors,** Plaintiff, by and through his attorney, **Paul R. Wilson, Jr., of Paul R. Wilson, Jr., Ltd., of Wilson Law Offices,** and for his Complaint against Defendants, **City of Paxton, a Municipal Corporation in Ford County, Illinois, Chad Johnson, Individually, and as police officer for the City of Paxton, and Robert Bane, Individually, and as Chief of Police for the City of Paxton,** respectfully alleges as follows:

### *Jurisdiction and Venue*

1.  This case is filed under *42 U.S.C. Section 1983, 1988;* and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction exists in this Court under *42 U.S.C. Section 1983, 28 U.S.C. Section 1331* and *1343.*

3. This is a civil action seeking damages against defendants for committing acts, under color of law, which defied Plaintiff's decedent of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of imputing and hindering the due course of justice, with intent to deny Plaintiff's decedent equal protection of law; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff's decedent.

4. The Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to *28 U.S.C. §1367(A).*

5. Venue is proper in this court pursuant to *28 U.S.C. §1391* as, at all relevant times, all parties resided in the Central District of Illinois where the claims also arose.

### *General Allegations*

6. Plaintiff, Ronald Loy (hereinafter "Ron"), is a resident of the Village of Rantoul, County of Champaign, and State of Illinois, and it a citizen of the United States of America. He is the paternal grandparent of the minor children, S.L.L., M.N.L., and H.M.L. (hereinafter "children"), who are residents of Iroquois County, within the State of Illinois, and are citizens of the United States of America.

7. Ron has been appointed as Special Administrator of the Estate of Joseph M. Loy, Deceased, by the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, to bring this action.

8. Kristen Schwing (hereinafter "Kristen"), is the natural mother of the minor children and has consented to Ron bringing this action on behalf of her minor children.

9. Joseph M. Loy (hereinafter "Joseph"), deceased, was the father of the minor children S.L.L., M.N.L., and H.M.L.

10. Defendant City of Paxton (hereinafter "City"), is a municipal corporation located within Ford County Illinois.

11. Defendant Robert Bane (hereinafter "Bane"), is an individual who, at all times relevant hereto, was the Chief of Police employed by the Paxton Police Department. He is being sued in his individual capacity and official capacity.

12. Defendant Chad Johnson (hereinafter "Johnson"), is an individual who, at all times relevant hereto, was a police officer employed by the Paxton Police Department. Officer Johnson is being sued in his individual capacity and official capacity.

13. At all times relevant hereto, Defendant Bane and Defendant Johnson acted under color of state law, within the course of their employment, and within the scope of their authority.

14. The Defendant City and its police department each by virtue of a custom, pattern, practice, or policy, has violated a right conferred on Plaintiff by the Illinois Constitution and state laws, and the United States Constitution and federal laws.

### *Factual Allegations*

15. On May 7, 2007, Joseph was walking in a southerly direction along U.S. Route 45 north of the City of Paxton and in Iroquois County, Illinois.

16. Defendant Johnson, in his duties as a police officer for the City of Paxton, traveled north of the city limits on U.S. Route 45 within Ford County, Illinois. Johnson was operating a marked City of Paxton police car and was dressed in his uniform with his badge and firearm.

17. Officer Johnson placed Joseph in the back of his squad car in Iroquois County, Illinois, and transported him in a southerly direction on U.S.Route 45 through the City of Paxton through southern Ford County, Illinois, and into Champaign County, Illinois.

18. Officer Johnson stopped his squad car approximately 1/4 mile south of Ford County, Illinois, in northern Champaign County, Illinois, and discharged Joseph from his vehicle along Old U.S. Route 45 on the side of the road, less than1/4 mile from U.S. Route 45.

19. Officer Johnson left Joseph at that place as a pedestrian, at approximately 10:30 P.M.

20. Officer Johnson departed the scene.

21. Less than 10 minutes after Officer Johnson left Joseph at the side of the road, Joseph was struck and killed by at least one motor vehicle traveling southbound on U.S. Route 45 and Joseph was struck by one vehicle proceeding in a southerly direction on U.S. Route 45, and by one more vehicle proceeding in a northerly direction on U.S. Route 45.

22. It was determined that Joseph had a blood alcohol content at the time of his death in excess of .32 which is more than 4 times the legal limit for intoxication within the State of Illinois.

23. Ronald is the father of Joseph.

24. Joseph was the father of S.L.L., M.N.L., and H.M.L. who are minor children residing with their mother, Kristen.

25. Defendant Johnson's actions were taken with the full knowledge and at the direction of Defendant Bane.

26. At all relevant times Defendant Bane was the supervisor of Defendant Johnson.

27.  As a result of Defendants Johnson's and Bane's actions, Joseph was placed in danger and was killed.

28.  Defendants Johnson and Bane knew or should have known of Joseph's intoxication.

29.  Defendants Johnson and Bane knew or should have known that their actions in discharging Joseph on the side of a roadway placed Joseph in danger.

30.  The Defendant City had, at all relevant times, and has, a policy, procedure, or practice and custom, of failing to adequately train police officers on the appropriate and correct procedures for apprehension, arrest, preventing harm to citizens in their custody or control, and to protect them from harm and rescue them from danger.

31.  The Defendant City had a custom of tolerating or acquiescing in the failure to adequately supervise, discipline its officers, and for failing to train its officers on the appropriate and correct procedures for apprehension, arrest, preventing harm to citizens in their custody or control, to protect them from harm. and rescue them from danger.

32.  Due to the unlawful actions of Defendant Johnson, Defendant Bane, and Defendant City, Joseph was killed.

33.  Defendants' actions were reckless, done with deliberate indifference, and disregard of a substantial risk of danger to Joseph.

### *Count I - Violation of 42 USC 1983 by Defendant BANE*

1.-28.  Plaintiff realleges paragraphs 6 through 33 above as paragraphs 1 through 28 of this Count I.

29.  By reason of their acts Defendant Bane, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to Joseph, or with deliberate

indifference, acted to deprive Joseph of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

      A.  Joseph's right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

      B.  Joseph's right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution; and

      C.  Joseph's right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution.

30.  As a proximate result of Bane's unlawful acts, the Plaintiff has suffered damages and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Bane for his violation of 42 U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *Count II - Violation of 42 USC 1983 by Defendant JOHNSON*

1.-28.  Plaintiff realleges paragraphs 6 through 33 of Count I as paragraphs 1 through 28 of this Count II.

29.  By reason of their acts Defendant Johnson, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to Plaintiff, or with deliberate indifference, acted to deprive Plaintiff of his rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

A. Joseph's right not to be apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;

B. Joseph's right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution; and

C. Joseph's right not to be subjected to unreasonable searches and seizures as provided by the Fourth Amendment of the United States Constitution.

30. As a proximate result of Defendant's unlawful acts, the Plaintiff has suffered damages, deprivation of Joseph's constitutional rights and legal costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Johnson for his violation of 42 U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *Count III - Violation of 42 USC 1983 by Defendant CITY*

1.-28. Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count I as paragraphs 1 through 28 of this Count III.

29. Defendant City was responsible for the supervision, training and discipline of Defendants Bane and Johnson.

30. Defendant City had, at all relevant times, and has, a policy or procedure or practice and custom of tolerating or acquiescing in its officers' inadequate investigation, failing to

adequately supervise and discipline its officers, or failing to train its officers on appropriate and proper methods of investigation, recognition, or correct procedures for apprehension, arrests or searches.

31. The policies or procedures or practices and customs of Defendant City which resulted in violations of Plaintiff's rights under the Fourth, Fifth and Fourteen Amendments of the United States Constitution include:

A. A custom or practice of allowing its officers to create dangers for citizens without taking appropriate remedial measures to protect them;

B. Failing to educate and train its officers in proper arrest, recognition, investigative or safety procedures; and

C. Failing to train and educate its officers on proper methods to avoid creating dangers and failing to protect.

32. Defendant city intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of Joseph's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

33. That as a proximate result of the City's unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to, extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City for its violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### _Count IV - Violation of 42 USC 1983 by Defendant CITY_

1.-28.  Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count I as paragraphs 1 through 28 of this Count IV.

29.  Defendant City has a policy or procedure or practice and custom of failing to train its officers on the proper procedures for taking custody and providing adequate care to individuals in custody.

30.  The policies or procedures or practices and customs of Defendant City which resulted in violations of Joseph's rights under the Fourteenth Amendment of the United States Constitution include:

A.  Failing to train its officers on the appropriate manner for responding to a medical situation;

B.  Failing to adequately discipline officers when they deny reasonable and necessary medical treatment;

C.  Failing to train its officers on the appropriate recognition of a person in need of care;

D.  Failing to adequately train its officers on the appropriate manner for dealing with a citizen in need of care; and

E.  Failing to train its officers on their duty not to create a danger for its citizens and to protect them from any such danger that has been created.

31.  Defendant City intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

32.  That as a proximate result of Defendants' unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City for its violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees and other appropriate relief, including punitive damages.

### _Count V - Conspiracy to Violate Plaintiff's Civil Rights by Defendants BANE and JOHNSON, and Defendant CITY_

1.-28.  Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count IV as paragraphs 1 through 28 of this Count V.

29.  The Defendants Bane, Johnson, and City, in their individual capacities and under the color of state law, conspired together and reached a mutual understanding and acted indirectly or directly to deprive Joseph of his rights secured by the United States Constitution and federal laws.

30.  Each of the Defendants acted in furtherance of this conspiracy by intentionally engaging together in one or more of the following acts:

A.  Having an armed uniformed officer place Joseph in a marked police car in Iroquois County, Illinois, and transporting him through Ford County, Illinois, to Champaign County, Illinois, and placing him in a dangerous situation;

B.  Failing to protect him from the dangerous situation they placed him in; and

C.  Failing to recognize his intoxication.

31.  That, as a proximate result of Defendants' unlawful acts, Plaintiff has suffered in ways, including but not limited to, the deprivation of Joseph's right to be free from unreasonable and unlawful seizure, of equal protection of the law, of due process rights, and the right to be free from unreasonable and arbitrary action, which rights are secured under the Fourth, Fifth, and Fourteen Amendments suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Bane and Johnson, and Defendant City for their violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees and other appropriate relief, including punitive damages.

### *Count VI - Pendent State Claims*
### *Intentional Infliction of Emotional Distress by Defendant JOHNSON*

1.-28.  Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count I as paragraphs 1 through 28 of this Count VI.

29.  Defendant Johnson, acting under the color of state law and in his individual capacity, intentionally or recklessly committed extreme and outrageous acts against Plaintiff including but not limited to:

A.  Having an armed uniformed officer place Joseph in a marked police car in Iroquois County, Illinois, and transporting him through Ford County, Illinois, to Champaign County, Illinois, and placing him in a dangerous situation;

B.  Failing to protect him from the dangerous situation he placed him in;

C.  Failing to recognize his intoxication;

D.  Failing to train for the appropriate manner for responding to a medical situation;

E.  Denied reasonable and necessary medical treatment or custodial care;

F.  Failed to recognize a person in need of care;

G.  Failed to deal in an appropriate manner with a citizen in need of care; and

H.  Failed not to create a danger for a citizen and to protect him from any such danger that has been created.

30.  The Defendant's actions go well beyond possible bounds of decency and are so atrocious as to be utterly intolerable in a civilized community.

31.  That, as a proximate result of Defendant Johnson's unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Johnson for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief.

### *Count VII - Pendent State Claims*
### *Intentional Infliction of Emotional Distress by Defendant BANE*

1.-28. Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count VI as paragraphs 1 through 28 of this Count VII.

29. Defendant Bane, acting under the color of state law and in his individual capacity, intentionally or recklessly committed extreme and outrageous acts against Plaintiff including but not limited to:

A. Having an armed uniformed officer place Joseph in a marked police car in Iroquois County, Illinois, and transporting him through Ford County, Illinois, to Champaign County, Illinois, and placing him in a dangerous situation;

B. Failing to direct his subordinate to protect him from the dangerous situation they placed him in;

C. Failing to cause his subordinate to recognize his intoxication;

D. Failing to train his officers on the appropriate manner for responding to a medical situation;

E. Failing to adequately discipline officers when they deny reasonable and necessary medical treatment;

F. Failing to train officers on the appropriate recognition of a person in need of care;

G.  Failing to adequately train officers on the appropriate manner for dealing with a citizen in need of care; and

H.  Failing to train officers on their duty not to create a danger for its citizens and to protect them from any such danger that has been created.

30.  The Defendant's actions go well beyond possible bounds of decency and are so atrocious as to be utterly intolerable in a civilized community.

31.  That, as a proximate result of Defendant Bane's unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Bane for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief.

### *Count VIII - Pendent State Claims against Defendant BANE*
### *Illinois Constitution*

1.-28.  Plaintiff realleges and incorporates herein by reference paragraphs 6 through 33 of Count I as paragraphs 1 through 28 of this Count VIII.

29.  Article I, Section 2, of the Illinois Constitution provides that: [No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.]

30.  Article I, Section 6, of the Illinois Constitution provides that: [The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable

searches, seizures, invasions of privacy or interceptions of communications by eavesdropped devices or other means.  No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized].

31.  Notwithstanding the aforesaid constitutional protections, Johnson, while in a police uniform, armed with a weapon and operating a marked police car, placed Joseph in his squad car and transported him through three counties, failed to recognize his intoxicated state, and placed him in a place of danger

32.  That, as a proximate result of Defendants' unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Bane in violation of the Illinois Constitution for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *Count IX - Pendent State claims against Defendant JOHNSON* *Illinois Constitution*

1.-30.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 31 of Count VIII as paragraphs 1 through 30 of this Count IX.

31.  Notwithstanding the aforesaid constitutional protections, Johnson, while in a police uniform, armed with a weapon and operating a marked police car, placed Joseph in his squad car

and transported him through three counties, failed to recognize his intoxicated state, and placed him in a place of danger.

32. That, as a proximate result of Defendants' unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Johnson in violation of the Illinois Constitution for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *Count X - Pendent State Claims against Defendant CITY*

1.-32. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 32 of Count IX as paragraphs 1 through 32 of this Count X.

33. Defendant City was responsible for the supervision, training and discipline of Defendants Bane and Johnson.

34. Defendant City has a policy or procedure or practice and custom of tolerating or acquiescing in its officers' failing to adequately supervise or discipline its offers, or failing to train its officers on appropriate use of force, proper methods of investigation or correct procedures for apprehension, arrests and searches.

35. The policies or procedures or practices and customs of Defendant City which resulted in violations of Plaintiff's rights under Article I, Sections 2 and 6, of the United States Constitution include:

A. A custom or practice of allowing its officers to create dangers for citizens without taking appropriate remedial measures to protect them;

B. Failing to educate and train its officers in proper arrest or investigative or safety procedures; and

C. Failing to train and educate its officers on proper investigation and safety methods to avoid creating dangers and failing to protect.

36. Defendant City intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of Joseph's rights under Article I, Sections 2 and 6, of the United States Constitution.

37. That, as a proximate result of Defendants' unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of Joseph's constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City for violation of the Illinois Constitution in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### *Count XI - State Claim against Defendant CITY*

1.-33.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33 of Count X as paragraphs 1 through 33 of this Count XI.

34.  Defendant City has a policy or procedure or practice and custom of failing to train its officers on the proper procedures for providing adequate medical care to individuals in custody.

35.  The policies or procedures or practices and customs of Defendant City which resulted in violations of Plaintiff's rights under Article I, Sections 2 and 6, of the United States Constitution include:

      A.  Failing to train its officers on the appropriate manner for responding to medical situations;

      B.  Instituting a policy which only allows persons under the control of police officers medical attention if they are able to afford it; and

      C.  Failing to adequately discipline officers when they deny reasonable and necessary medical treatment.

36.  Defendant City intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesces in the aforementioned policies, procedures, practice or customs that caused, aided or failed to prevent the violations and deprivations of Joseph's rights under Article I, Sections 2 and 6, of the United States Constitution.

37.  That, as a proximate result of Defendants' unlawful acts, Plaintiff has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to extreme pain,

outrage, humiliation, emotional and psychological distress, deprivation of Plaintiff's

constitutional rights, and legal costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City in violation of the

Illinois Constitution in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus

interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS.**

Respectfully submitted,

**RONALD LOY, Special Administrator of the
Estate of JOSEPH M. LOY, Deceased, and as
Grandfather and Next Friend of S.L.L., M.N.L.,
and H.M.L., Minors,**

By:    PAUL R. WILSON, JR., LTD.

**s/Paul R. Wilson, Jr..**
Paul R. Wilson, Jr. Bar Number 3035565
Attorney for Plaintiff
Wilson Law Offices
300 S. Garrard Street
Rantoul, IL   61866
Telephone: (217) 893-9509
Facsimile: (217) 893-8311
E-mail: wlo@illicom.net

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

07-2231

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

RONALD LOY, Special Administrator of the Estate of JOSEPH M. LOY, Deceased, et al

## DEFENDANTS

CITY OF PAXTON, a Municipal Corporation in Ford County, Illinois, et al

(b) County of Residence of First Listed Plaintiff   **Champaign**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Ford**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Paul R. Wilson, Jr., Wilson Law Offices, 300 S. Garrard Street, Rantoul, IL 61866 - Telephone:  217/893-9509

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☒ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause:
Wrongful Death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  None          DOCKET NUMBER

DATE
12/11/2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE