UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONALD LOY, Special Administrator )
of the Estate of JOSEPH M. LOY, )
Deceased, and as Grandfather and )
Next Friend of S.L.L., M.N.I.,and H.M.L., )
Minors, )
    Plaintiff, )
        vs. )      No.: 07-2231
 )
CITY OF PAXTON, a Municipal )
Corporation in Ford County, Illinois, )
CHAD JOHNSON, Individually, and as )
police officer for the CITY OF PAXTON, )
and ROBERT BANE, Individually, and )
as Chief of Police for the CITY OF )
PAXTON, )
    Defendants. )

## ANSWER TO COUNTS VI, VII, VIII, IX, X, AND XI AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, CITY OF PAXTON, a Municipal Corporation, CHAD JOHNSON, and ROBERT BANE, and for their Answer to Counts VI, VII, VIII, IX, X, and XI , state as follows:

**Count VI**

1. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore neither admit nor deny said allegations, and demand strict proof thereof.

2. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore neither admit nor deny said allegations, and demand strict proof thereof.

3. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore neither admit nor deny said allegations, and demand strict proof thereof.

4. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore neither admit nor

deny said allegations, and demand strict proof thereof.

5. Defendants admit the allegations of paragraph 5.
6. Defendants admit the allegations of paragraph 6.
7. Defendants admit the allegations of paragraph 7.
8. Defendants admit the allegations of paragraph 8.
9. Defendants deny the allegations of paragraph 9.
10. Defendants admit the allegations of paragraph 10.
11 Defendants admit the allegations of paragraph 11.
12. Defendants deny the allegations of paragraph 12.
13. Defendants deny the allegations of paragraph 13.
14. Defendants admit the allegations of paragraph 14.
15. Defendants admit the allegations of paragraph 15.
16. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore neither admit nor deny said allegations, and demand strict proof thereof.
17. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore neither admit nor deny said allegations, and demand strict proof thereof.
18. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore neither admit nor deny said allegations, and demand strict proof thereof.
19. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of paragraph 19, and therefore neither admit nor deny said allegations, and demand strict proof thereof.
20. Defendants deny the allegations of paragraph 20.
21. Defendants admit the allegations of paragraph 21.
22. Defendants deny the allegations of paragraph 22.
23. Defendants deny the allegations of paragraph 23.
24. Defendants deny the allegations of paragraph 24.
25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.
27. Defendants deny the allegations of paragraph 27.
28. Defendants deny the allegations of paragraph 28.
29. Defendants deny the allegations in paragraph 29 and each subparagraph thereof.
30. Defendants deny the allegations in paragraph 30.
31. Defendants deny the allegations in paragraph 31.

Wherefore, Defendants pray for judgment in bar of Count VI, and for costs of suit, and further denies that said allegations give rise to a violation of 42 U.S.C. § 1983. Defendants demand trial by jury.

### Count VII

1-28. Defendants adopt and incorporate herein by reference their answers to paragraphs 1 through 28 of Count VI as and for their answers to paragraphs 1 through 28 of Count VII.
29. Defendants deny the allegations in paragraph 29.
30. Defendants deny the allegations in paragraph 30.
31. Defendants deny the allegations in paragraph 31.

Wherefore, Defendant prays for judgment in bar of Count VII, and for costs of suit, and further denies that said allegations give rise to a violation of 42 U.S.C. §1983. Defendants demand trial by jury.

### Count VIII

1-28. Defendants adopt and incorporate herein by reference their answers to paragraphs 1 through 28 of Count VI as and for their answers to paragraphs 1 through 28 of Count VIII.
29. Defendants admit the allegations of paragraph 29.
30. Defendants admit the allegations of paragraph 30.
31. Defendants deny the allegations of paragraph 31.
32. Defendants deny the allegations of paragraph 32.

Wherefore, Defendant prays for judgment in bar of Count VIII, and for costs of suit, and further denies that said allegations give rise to a violation of 42 U.S.C. § 1983. Defendants

demand trial by jury.

### Count IX

1-30.   Defendants adopt and incorporate herein by reference their answers to paragraphs 1 through 30 of Count VIII as and for their answers to paragraphs 1 through 30 of Count IX.

31.   Defendants deny the allegations of paragraph 31.

32.   Defendants deny the allegations of paragraph 32.

Wherefore, Defendant prays for judgment in bar of Count IX, and for cause of suit, and further denies that said allegations give rise to violation of 42 U.S.C. § 1983. Defendants demand trial by jury.

### Count X

1-32.   Defendants adopt and incorporate herein by reference their answers to paragraphs 1 through 32 of Count IX as and for their answers to paragraphs 1 through 32 of Count X.

33.   Defendants admit the allegations of paragraph 33.

34.   Defendants deny the allegations of paragraph 34.

35.   Defendants deny the allegations of paragraph 35.

36.   Defendants deny the allegations of paragraph 36.

37.   Defendants deny the allegations of paragraph 37.

Wherefore, Defendant prays for judgment in bar of Count X, and for costs of suit, and further denies that said allegations give rise to a violation of 42 U.S.C. § 1983. Defendants demand trial by jury.

### Count XI

1-33.   Defendants adopt and incorporate herein by reference their answers to paragraphs 1 through 33 of Count X as and for their answers to paragraphs 1 through 33 of

Count XI.

34. Defendants deny the allegations of paragraph 34.
35. Defendants deny the allegations of paragraph 35.
36. Defendants deny the allegations of paragraph 36.
37. Defendants deny the allegations of paragraph 37.

Wherefore, Defendant prays for judgment in bar of Count XI, and for costs of suit, and further denies that said allegations give rise to a violation of 42 U.S.C. § 1983. Defendants demand trial by jury.

### AFFIRMATIVE DEFENSES

1. As to Counts VI through XI, Defendants are immune from liability based on 745 *ILCS* 10 /2-202.
2. As to Counts VI through XI, Defendants are immune from liability based on 745 *ILCS* 10 /4-102.
3. As to Counts VI through XI, Defendants are immune from liability based on 745 *ILCS* 10 /4-107.
4. As to Counts VI through XI, Plaintiff's decedent contributed to his own injury and death and that Plaintiff should be barred from recovery or alternatively, that Plaintiff's recovery should be reduced pursuant to the provisions of 735 *ILCS* 5/2-1116.

Wherefore, Defendants pray for judgment in bar of Plaintiff's claims or, alternatively, that any such judgment be reduced pursuant to the above defenses and Defendants pray for cost of suit and demand trial by jury.

CITY OF PAXTON, a Municipal Corporation, CHAD JOHNSON, and ROBERT BANE, Defendants

s/    **Howard W. Small**
Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendants

>Law Office of Ansel & Small, Ltd.
>41 East University Avenue, P.O. Box 468
>Champaign, IL 61824-0468
>Telephone: (217) 359-0200
>Facsimile: (217) 359-0888
>E-mail: hwslaw@shout.net
>
>**s/Stanley E. Freeman**
>Stanley E. Freeman Bar No. 6198780
>Ansel & Small Ltd.
>41 E University Ave, Suite 3A
>P.O. Box 468
>Champaign, Illinois 61824
>Telephone: (217) 359-0200
>Facsimile: (217) 359-0888
>Email: sfreeman@shout.net

**Designation of lead counsel: Pursuant to Local Rule 11.2, Howard W. Small is hereby designated as lead counsel responsible for receipt of telephone conference calls and other necessary communications from the Court.**

CERTIFICATE OF SERVICE

I hereby certify that on   January 11, 2008 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul R. Wilson, Jr., Wilson Law Offices:  wlo@illicom.net

>**s/     Howard W. Small**
>Howard W. Small, Illinois Bar No.: 2636271
>Attorney for Defendant Michael Cox
>Law Office of Ansel & Small, Ltd.
>41 East University Avenue, P.O. Box 468
>Champaign, IL 61824-0468
>Telephone: (217) 359-0200
>Facsimile: (217) 359-0888
>E-mail: hwslaw@shout.net