UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONALD LOY, Special Administrator of the )
Estate of JOSEPH M. LOY, Deceased, and as )
Grandfather and Next Friend of S.L.L., M.N.I., )
and H.M.L., Minors, )
    Plaintiff, )
        vs. )       No.: 07-2231
 )
CITY OF PAXTON, a Municipal Corporation )
in Ford County, Illinois, CHAD JOHNSON, )
Individually, and as police officer for the )
CITY OF PAXTON, and ROBERT BANE, )
Individually, and as Chief of Police for the )
CITY OF PAXTON, and COY CORNETT, )
Individually, and as a police officer for the )
CITY OF PAXTON, )
    Defendants. )

**STATEMENT OF UNDISPUTED MATERIAL FACTS AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS**

**INTRODUCTION**

    This statement of undisputed material facts and memorandum of law is filed by Defendants in support of their Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56.

    Plaintiff, as Special Administrator of the estate of Joseph Loy, deceased, has filed a fourteen count First Amended Complaint. Counts I through VI allege a violation of 42 USC § 1983. Counts VII through IX allege State Law claims premised on intentional infliction of emotional distress. Counts X through XIV allege violation of the Illinois Constitution.

    The undisputed material facts fail to establish a violation of 42 *USC* §1983. Alternatively, the individual Defendants are entitled to qualified immunity.

    The undisputed material facts establish that these Defendants are entitled to summary judgment on their affirmative defense based on 735 *ILCS* 5/4-102, and *ILCS* 5/4-107 (The Governmental and Governmental Employee Tort Immunity Act). Alternatively, the undisputed material facts fail to establish the elements necessary to recover based on a claim of intentional infliction of emotional distress.

The Counts of the First Amended Complaint premised on alleged violation of the Illinois Constitution fail for the same reasons these Defendants are entitled to summary judgment on the claims based on 42 USC § 1983.

Finally, Defendant Coy Cornett is entitled to summary judgment based on Plaintiff's failure to file the First Amended Complaint naming him as a Defendant within the applicable statute of limitation, as asserted in Defendants' Affirmative Defense.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Chad Johnson, a Police Officer with the City of Paxton, Illinois, received a call from dispatch that a person was walking on U.S. Route 45 on May 7, 2007, at approximately 9:28 P.M. (Johnson dep. pp. 34, 41, and 93, Exhibit 7 .)

2. Officer Johnson traveled to the location identified by dispatch which was just north of the Ford and Iroquois County line. (Johnson dep. pp. 45-46.)

3. Officer Johnson observed Joseph Loy walking southbound along the shoulder of U.S. Route 45. (Johnson dep. p. 46.)

4. Joseph Loy identified himself, reported that he had a verbal argument with his ex-girlfriend and that he got out of his friend's vehicle and started walking. (Johnson dep. p. 93, Exhibit 7.)

5. Joseph Loy requested that Officer Johnson call Kristen Schwing (now Kristen Lange), Loy's ex-girlfriend, to see if she would come and get him. Kristen Schwing declined to do so. (Johnson dep. pp. 57, and 93, Exhibit 7.)

6. Office Johnson contacted his Captain, Coy Cornett, and advised him of the situation and that the person was trying to go to Rantoul, Illinois. Officer Johnson was advised that he could take Joseph Loy to Ludlow, Illinois. (Johnson dep. p. 93, Exhibit 7.)

7. Joseph Loy said that a ride to Ludlow, Illinois, would be fine, and that he would go to a bar located in Ludlow, Illinois. (Johnson dep. pp. 63, and 93, Exhibit 7.)

8. Officer Johnson drove Joseph Loy to Ludlow, Illinois, and dropped him off approximately 120 to 150 west of U.S. Route 45 (70 to 80 feet west of the stop sign controlling traffic eastbound on old route 45). (Johnson dep. pp. 66 and 93, Exhibit 7, and 99.)

9. Joseph Loy got out of the vehicle, thanked Officer Johnson, and began walking

toward the bar in Ludlow, Illinois.   Officer Johnson told Loy to stay off U.S. Route 45.   (Johnson dep. pp. 68 and 93, Exhibit 7.)

10.	Although Joseph Loy was searched before he was allowed to get into the back seat of the police vehicle, Loy was not under arrest.   (Johnson dep. pp. 53-54, 63, and 93, Exhibit 7.)

11'	Officer Johnson even told Joseph Loy that he was not under arrest.   (Johnson dep. p. 93, Exhibit 7.)

12.	Joe Navarro, Chief of Police for Ludlow, was on duty on May 7, 2007.   (Navarro dep. pp. 5 and 22.)

13.	Chief Navarro was dispatched by Metcad to an accident involving a pedestrian at the intersection of North Oak Street and U.S. Route 45.   (Navarro dep. p. 22.)

14.	Chief Navarro went to the scene and observed decedent lying approximately 50 to 75 feet from North Oak Street on the east side of U.S. Route 45.   (Navarro dep. p. 26.)

15.	According to Chief Navarro, North Oak Street leading into Ludlow is a very sparsely traveled road.   Chief Navarro would park on North Oak Street and see only two or three cars within an hour and sometimes none.   (Navarro dep. pp. 53-54.)

16.	According to Chief Navarro, approximately 1/3 of the half mile into Ludlow has a reduced speed limit of 25 miles per hour.   (Navarro dep. p. 55.)

17.	Ron Loy agrees that old route 45 (North Oak Street) is much less traveled than U.S. Route 45.   (R. Loy dep. p. 68.)

18.	Joseph Loy was picked up by Officer Johnson approximately 2 to 3 miles from Paxton, Illinois, and approximately 2 miles from Loda, Illinois.   (Johnson dep. p. 57.)

19.	The intersection of North Oak Street and U.S. Route 45 is approximately ½ mile from the tavern located in Ludlow, Illinois.   (Navarro dep. pp. 23-24.)

20.	Joseph Loy was familiar with the tavern located in Ludlow, Illinois.   (Adams dep. p.15.)

## APPLICABLE LAW

**Summary Judgment:**

Federal Rules of Civil Procedure 56 provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## § 1983

**Constitutional Duty:**

Defendants did not have a constitutional duty to protect Plaintiff's decedent. *DeShaney v. Winnebago County Dep't of Social Servs*, 489 US 189 (1989). (Also see *Burks v. Raemisch*, 2009 WL 305004 (C.A.7, Wis at ppg. 8-9).

There are two exceptions to the no duty to protect rule. One exception is where the State takes a person into custody and holds them against their will. *DeShaney* at 200. A courtesy ride is not a custodial detention that gives rise to a duty to protect. *Stevens v. City of Greenbay*, 105 F.3d 1169, 1175 (7th Cir. 1997).

The second exception is where the State created a danger or renders a citizen more vulnerable to a danger. *DeShaney* at 201. In order for this exception to the no duty rule to apply, Plaintiff must demonstrate that the State greatly increased the danger while limiting Plaintiff's access to self help. *Stevens* at 1176, and *Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412, 1415 (5th Cir. 1997). In *Monfils v. Taylor,* 165 F.3d 511, 517 (7th Cir. 1998), the Court recognized that there is no requirement that the state restrict all avenues of self-help.

**Qualified Immunity:**

Governmental actors performing discretionary functions enjoy qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sallenger v. Oakes,* 473 F.3d 731 (7th Cir. 2007) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## STATE LAW CLAIMS

**Affirmative Defenses (745 ILCS 10/4-102 and 745 ILCS 10/4-107):**

Section 4-102 provides in relevant part as follows:

> Neither a local public entity nor a public employee is liable for failure to establish a Police Department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or

service….

Section 4-107 provides as follows:

    Neither a local public entity nor a public employee is liable for an injury caused by the failure to make an arrest or by releasing a person in custody.

The immunity provided by Section 4-102 and Section 4-107 are absolute immunities. *DeSmet v. County of Rock Island*, 219 Ill.2d 497 (2006).   The special duty doctrine does not override statutory immunities.   *DeSmet* at 518.   (Also note discussion of applicability of Section 4-102 at head note 20).

**Elements of intentional infliction of emotional distress:**

In order to recover for intentional infliction of emotional distress, Plaintiff must plead and prove (1) that the conduct was truly extreme and outrageous, (2) the actor intended that his conduct inflict severe distress or knew there was a high probability that his conduct would cause such distress, and (3) the conduct caused severe emotional distress.   See *Knierim v. Izzo*, 22 Ill.2d 73 (1961)

**Illinois Constitution:**

The due process clause of the Illinois Constitution should be read similarly as the United States Constitution.   *People v. Kizer,* 365 Ill.App.3d 949, 960 (4th Dist. 2006).

**Statute of limitations (Defendant Coy Cornett):**

745 *ILCS* 10/8-101 provides in relevant part:

No civil action … may be commenced in any court against a local entity or any of its employees for any injury unless it is commended within one year from the date that the injury was received or the cause of action accrued.

## ARGUMENT
### § 1983

The black letter law established by *DeShaney* is that the state has no constitutional duty to protect citizens from private actors.   The only two established exceptions are (1) when the citizen is in custody of the state, and (2) when the state creates the danger.

**Custody:**

In the case at bar, Joseph Loy was not "in custody" of Officer Johnson.   There is nothing

about the encounter with Officer Johnson on U.S. Route 45 and subsequent ride to North Oak Street in Ludlow, Illinois, that would lead a reasonable person to believe that he or she was not free to leave. During the initial contact it was clear that the officer's intent was to find someone to come and get Joseph Loy. Loy even gave the officer the telephone number of his ex-girl friend. The discussion then developed that the officer would give Loy a ride to Ludlow. In fact, Loy was in agreement with the proposed ride to Ludlow, Illinois. There was no element of compulsion, other than Loy's circumstance of being left alone on U.S. Route 45 in the dark. Officer Johnson even told Loy that Loy was going to be searched for the officer's safety, not because of suspected contraband.

The case at bar is similar to *Stevens*. In *Stevens*, a pat down was insufficient to establish a custodial encounter given the need for officer safety. *Stevens* at 1176. In *Stevens*, the officers provided a courtesy ride to a citizen to a gas station, presumably so that the citizen could obtain transportation. In the case at bar, Officer Johnson gave Loy a courtesy ride to within ½ mile of Ludlow. In *Stevens*, the decedent was involved in several fights at a local tavern. Such conduct would clearly lead a person to suspect that he or she might be subject to arrest, and not free to leave. *Stevens* at 1171. In the case at bar, Loy's conduct would not even give rise to a thought that he might be under arrest or prohibited from walking away from Officer Johnson.

**State created danger:**

The undisputed evidence establishes that Joseph Loy was placed in the same position after the encounter with Officer Johnson as he was in before the encounter with Officer Johnson. Arguably, Loy was placed in a better position after the encounter with Officer Johnson. However, it is clear that Loy was not placed in worse position. In order to recover under this theory, Plaintiff must demonstrate that Officer Johnson **greatly** increased the danger to Joseph Loy. *Stevens* at 1177. As the Court noted in *DeShaney*, the fact that the state took temporary custody of the minor, but returned him to his father, the minor was placed in no worse position than prior to the temporary custody. *DeShaney* at 201.

In the case at bar, Joseph Loy was not placed in a worse position. He was picked up on U.S. Route 45. He was dropped off on a rural road that was much less traveled. The speed limit on a portion of the road where he was dropped off was less than on U.S. Route 45. Loy was picked up approximately 2 miles from the nearest community. He was dropped off

approximately ½ mile from a familiar tavern located in Ludlow, Illinois.    The undisputed evidence in this case establishes clearly that Joseph Loy was left in a comparatively safer position than where he was originally found.

**Qualified Immunity:**

The individual Defendants are entitled to qualified immunity.    Based on *Stevens v. City of Greenbay*, 105 F.3d 1169, 1175 (7th Cir. 1997) Joseph Loy had no clear statutory or constitutional right to protection.    Further, should this Court determine that such a right exists, it is one which these individual Defendants would not reasonably have known.

**State Law Claims**

**Affirmative Defenses (745 *ILCS* 10/4-102 and 745 *ILCS* 10/4-107):**

Although Counts VII through IX purport to allege claims based on intentional infliction of emotional distress, the prayer for damages is based on violation of 42 *USC* §1983.    To the extent that Plaintiff seeks recovery based on 42 *USC* §1983, summary judgment for these Defendants should be granted for the reasons outlined above.

Counts VII through XIV are state law claims based on intentional infliction of emotional distress, and violation of the Illinois Constitution. These Defendants are entitled to summary judgment on Counts VII through XIV based on the immunities granted by 745 *ILCS* 10/4-102 and 745 *ILCS* 10/4-107, as alleged in Defendants' Affirmative Defenses.

The undisputed evidence in the case at bar establishes that Defendants were providing police services.    It is clear when a police officer assists a stranded motorist the officer is providing police services within the meaning of 745 *ILCS* 10/4-102.    See *McElmeel v. Village of Hoffman Estates,* 359 Ill.App.3d 824, 825 (1st Dist. 2005).    There is no logical distinction between assisting a stranded motorist and a pedestrian walking along a busy rural highway, U.S. Route 45.    Further, the immunities provided by 745 *ILCS* 10/4-102 apply to the failure to provide or the inadequate provision of police services.    See *DeSmet v. County of Rock Island*, 219 Ill.2d 497, 510 (2006). The immunities provided for in 745 *ILCS* 10/4-102 contain no exceptions.    In *DeSmet* the Court noted the distinction between the "willful and wanton" exception contained in 745 *ILCS* 10/2-202 and the absolute immunity provided for in 745 *ILCS* 10/4-102.    The Court in *DeSmet* stated: "Section 4-102 immunity may apply in the context where police officers are simply providing[or failing to provide] police services, 'but section 2-202 immunity requires more particular

circumstances for its application, *i.e.,* an act or a course of conduct 'in the execution or enforcement' of law." *DeSmet* at 520 (quoting *Aiken v. Morris,* 145 Ill.2d 273 (1991)).

Further, the Court in *DeSmet* specifically acknowledged that the "special duty doctrine," which is a judicially created exception to the "public duty rule," could not and was not intended to contravene the immunities provided to governmental entities. *DeSmet* at 518. In any event, the elements of special duty are not present in this case (see: *Hernandez v. Village of Cicero*, 104 Ill.Dec. 566 (1st Dist., 1987). Accordingly, the immunities provided by 745 *ILCS* 10/4-102 apply and Defendants are entitled to summary judgment on their Affirmative Defense to Counts VII through XIV.

**Intentional infliction of emotional distress:**

As a further basis for summary judgment on Counts VII through IX, the undisputed evidence fails to establish the elements necessary to support a cause of action of intentional infliction of emotional distress. In order to recover for intentional infliction of emotional distress, Plaintiff must plead and prove (1) that the conduct was truly extreme and outrageous, (2) the actor intended that his conduct inflict severe distress or knew there was a high probability that his conduct would cause such distress, and (3) the conduct caused severe emotional distress. See *Knierim v. Izzo*, 22 Ill.2d 73 (1961). The conduct complained of fails to rise to the level of extreme or outrageous. Further, given that Joseph Loy walked from where he was dropped off to U.S. Route 45 where he was struck and killed by a passing motorist, there is no basis upon which to find that Officer Johnson intended to or knew that his conduct would cause severe emotional distress.

Plaintiff's claim for intentional infliction of emotional distress suffers from a more fundamental flaw. The underlying purpose behind the cause of action for intentional infliction of emotional distress is to provide compensation for emotional injuries not accompanied by physical injury. Note the difference in *Knierim*, and the physical injury from emotional distress requirement set forth in *Rickey v. Chicago Transit Authority*, 98 Ill.2d 546 (1983). In the case at bar, decedent Joseph Loy suffered a physical injury which would arguably be compensable under the Survival Act, 755 ILCS 5/27-6. To the extent Plaintiff seeks a recovery for emotional distress, the emotional distress is an element of damage recoverable under the Survival Act.

**Illinois Constitution:**

Illinois applies the due process clause of the Illinois Constitution in the same fashion as the due process clause of the United States Constitution. See *People v. Kizer,* 365 Ill.App.3d 949, 960 (4th Dist. 2006). Accordingly, for the same reasons these Defendants are entitled to summary judgment on the claims asserted under 42 *USC* §1983, these Defendants are entitled to summary judgment on the alleged violations of the Illinois Constitution.

**Statute of limitation (Coy Cornett):**

The incident alleged in the First Amended Complaint occurred on May 7, 2007. The First Amended Complaint naming Defendant Coy Cornett was filed on March 24, 2009. The Motion for Joinder to add Coy Cornett was not filed until January 26, 2009. The applicable statute, 745 ILCS 10/8-101 provides for a 1 year deadline for filing suit against Defendant Coy Cornett. That was not done. Accordingly, Defendant Coy Cornett is entitled to summary judgment on Counts IX and XII.

## CONCLUSION

The undisputed material evidence establishes that Officer Johnson provided Joseph Loy a courtesy ride. Officer Johnson's encounter with Joseph Loy on May 7, 2007, did not give rise to a duty to protect. Accordingly, Defendants are entitled to summary judgment on Counts I through VI, based on alleged violation of 42 USC § 1983, and Counts X through XIV, based on alleged violation of the Illinois Constitution. Alternatively, at the time of the encounter with Joseph Loy, neither Defendants nor a reasonable person would have known that their conduct violated a clearly established right, and therefore, Defendants are entitled to summary judgment on their affirmative defense of qualified immunity.

Defendants are entitled to summary judgment on the state law claims, Counts VII through XIV, based on the statutory immunities contained in 745 *ILCS* 10/4-102 and 745 *ILCS* 10/4-107. Alternatively, the undisputed material evidence fails to establish the elements necessary to prove a claim based on intentional infliction of emotional distress. Finally, Defendant Coy Cornett is entitled to summary judgment based on Plaintiff's failure to file the First Amended Complaint within the applicable statute of limitation.

      CITY OF PAXTON, a Municipal Corporation, CHAD JOHNSON, ROBERT BANE, and COY CORNETT, Defendants

      s/    **Howard W. Small**

        Howard W. Small, Illinois Bar No.: 2636271
        Attorney for Defendants
        Law Office of Small & Freeman, Ltd.
        41 East University Avenue, Suite 3D, P.O. Box 1337
        Champaign, IL 61824-1337
        Telephone: (217) 954.0635
        Facsimile: (217) 954.0659
        E-mail: hws@smallandfreemanlaw.com

        **s/Stanley E. Freeman**
        Stanley E. Freeman Bar No.   6198780
        Law Office of Small & Freeman Ltd.
        41 E University Ave, Suite 3D
        P.O. Box 1337
        Champaign, Illinois 61824-1337
        Telephone: (217) 954.0635
        Facsimile: (217) 954.0659
        Email: sef@smallandfreemanlaw.com

**Designation of lead counsel: Pursuant to Local Rule 11.2, Howard W. Small is hereby designated as lead counsel responsible for receipt of telephone conference calls and other necessary communications from the Court.**

CERTIFICATE OF SERVICE

     I hereby certify that on   July 13,   2009 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

   Paul R. Wilson, Jr., Wilson Law Offices:   wlo@illicom.net

        s/      **Howard W. Small**
        Howard W. Small, Illinois Bar No.: 2636271
        Attorney for Defendants
        Law Office of Small & Freeman, Ltd.
        41 East University Avenue, Suite 3D, P.O. Box 1337
        Champaign, IL 61824-1337
        Telephone: (217) 954.0635
        Facsimile: (217) 954.0659
        E-mail: hws@smallandfreemanlaw.com